IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JOSEPH LEO STREHL | § | |
| v. | § | CIVIL ACTION NO. 6:03cv412 |
| MANAGEMENT & TRAINING CORP., ET AL. | § | |

MEMORANDUM OPINION AND ORDER OF DISMISSAL

The Plaintiff Joseph Strehl, an inmate of the Texas Department of Criminal Justice, Institutional Division proceeding *pro se*, filed this civil action under 42 U.S.C. §1983 complaining of alleged violations of his civil rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. Strehl named as Defendants the Management & Training Corporation (MTC), which operated the Bradshaw State Jail at the times relevant to this lawsuit, as well as Assistant Warden Bobby Pool and Bradshaw Unit law librarian Jacquelyn Walton.

An evidentiary hearing was conducted on April 5, 2005, pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). At this hearing, the parties consented to allow the undersigned United States Magistrate Judge to enter final judgment in this proceeding. 28 U.S.C. §636(c).

Strehl testified at the hearing that the law library at the Bradshaw Unit was not adequate to afford him access to court. He said that he had sought a transfer off of the Bradshaw Unit to a unit with an adequate law library, but he could not get a transfer because he was told that he needed an "active case number." He said that he asked for a transfer in August of 2002, but he was not sent off the Bradshaw Unit until October of 2003. Strehl stated that he filed a habeas petition in the Northern

1

District of Texas, but it was dismissed because of the statute of limitations; Strehl claimed that he did not know about the limitations period.

Following the Spears hearing, the Defendants were ordered an to answer the lawsuit and did so. Following receipt of the answer, the lawsuit was scheduled for a trial before the Court, which was conducted without objection on January 24, 2006.

Findings of Fact

In a trial before the bench, the Court must find the facts specially and make conclusions of law. Rule 52(a), Fed. R. Civ. P. This Rule recognizes and rests upon the unique opportunity afforded the trial court judge to evaluate the credibility of witnesses and to weigh the evidence. Inwood Laboratories v. Ives Laboratories, 456 U.S. 844, 855 (1982).

In this case, I have examined the exhibits and considered the testimony of the parties and witnesses in the cause. I have also noted the demeanor of the parties as they appeared in the courtroom. After careful review of all of the evidence presented, I have found the following as facts:

Strehl was convicted in February of 2002 and arrived at the Bradshaw Unit in April of 2002. The Bradshaw Unit is a state jail facility which was also used as a transfer facility. Strehl received a list of books from another inmate which he, Strehl, believed that the law library should have, but this list applied to Institutional Division units, not state jails or transfer facilities.

The Bradshaw Unit did not have federal case books such as the Federal Reporter 2nd or Federal Reporter 3rd, but it did have Texas case law books, Supreme Court reporters, the Texas statutes and codes, West's key number digests, Title 42 of the United States Code, pamphlets on federal civil judicial procedure and rules, the federal criminal code and rules, the rules of court for state and federal courts, and a pamphlet called the Texas law finder.

The library also included the TDCJ inmate legal handbook, a compendium of the law on prisoners' rights, books on federal and state post-conviction remedies including supplemental pamphlets, a textbook on legal research, a directory of law libraries offering services to inmates, a book on how to Shepardize cases, and the law library loan program holdings list, among other

resources. Strehl was not denied the use of any of these resources; he said that he had a book talking about what could be done in court, which cited federal cases, but he could not read these cases because the library did not have the books.

However, Strehl was able to request cases and books from the law librarian, Jacquelyn Walton. It was not clear whether he ever requested federal cases or books, but there was no evidence that he could not have done so; Strehl was not denied any cases or books which he requested from Walton. Strehl also received other materials, such as the inmate legal handbook, from Walton. Bradshaw Unit records showed that Strehl went to the law library 67 times during the 18 months that he was on the unit.

During the time period at issue, the Bradshaw Unit had internal and external monitors overseeing compliance with regulations and standards. These included a contract monitor from TDCJ as well as a compliance sergeant from the unit itself. The Bradshaw Unit law library was regularly audited and always found to be in compliance with standards. The library had a holdings list which came from the TDCJ Office of the General Counsel, showing the books which the unit was required to have.

The Bradshaw Unit is governed by different standards than a regular unit in the Institutional Division because inmates only stay at the Bradshaw Unit for a maximum of two years. Even given the fact that the Bradshaw Unit had fewer books than a regular unit law library, most notably in the fact that there were no Federal Reporters, these books could be requested through the law librarian and were thus available that way. The library had resources on state and federal habeas corpus procedures, including updated supplements. These resources provided case cites, giving inmates needing to do legal research a starting point for requesting cases or Shepardizing. These resource materials also post-dated the Anti-Terrorism and Effective Death Penalty Act of 1996, and therefore included information about the statute of limitations. Strehl had access to this information.

Strehl requested a unit transfer several times, but these requests were denied because he did not have an active case number. Only the State Classification Committee could order a transfer;

neither Walton nor Pool could do so themselves. Strehl's state habeas petition was active only from August 19 until December 11, 2002, when it was denied by the Texas Court of Criminal Appeals. The reason for this rule is to ensure that inmates seeking a transfer for legal research purposes do in fact have a need for legal research, rather than simply seeking a transfer for personal reasons. Strehl was not denied a transfer to keep him from having access to court.

These facts were testified to by Strehl, Pool, and Walton. I have also reviewed the exhibits in the case which were admitted without objection.

## Legal Standards and Analysis

Because Strehl is the plaintiff in this lawsuit, he has the burden of proving his claims by a preponderance of the evidence. Vogel v. American Warranty Home Service Corp., 695 F.2d 877, 882 (5th Cir. 1983). A "preponderance of the evidence" means the greater weight of the evidence; it is that evidence which, when weighed with that opposed to it, has more convincing force and is more probably true and accurate. If, upon any issue in the case, the evidence appears to be equally balanced, or if it cannot be said upon which side it weighs heavier, then the plaintiff has not met his burden of proof. Smith v. United States, 726 F.2d 428, 430 (8th Cir. 1984).

Strehl's claim revolves around his assertion that he was denied adequate access to court. The Supreme Court has stated that inmates have a right of access to legal materials, and prison officials cannot deny inmates access to court. Bounds v. Smith, 430 U.S. 817 (1976). However, actual injury must be shown to set out a violation of Bounds. Lewis v. Casey, 116 S.Ct. 2174, 2179-81 (1996) (actual harm must be shown to establish a violation of the right of access to court); *accord*, Mann v. Smith, 796 F.2d 79, 83 (5th Cir. 1986). The right of access to legal materials is simply an offshoot of the right of access to court, because the Court's main concern is protecting the ability of the inmate to prepare a petition or complaint. Mann v. Smith, 796 F.2d at 83, *citing* Bounds, 430 U.S. at 828 and n.17.

In Morrow v. Harwell, 768 F.2d 619 (5th Cir. 1985), the McLennan County Jail had no law library, but provided inmates with a weekly bookmobile, drawing on the county public library. This

library included statutory codes, digests, and form books, as well as advance sheets from certain reporters. However, inmates were not made aware of this program or of the law books which were available to check out, and the jail itself had no digests or other research materials. Law students employed by the program would visit inmates requesting legal assistance, but were prohibited from giving legal advice; instead, they simply provided forms, cases, and other written materials to the inmates. These copies cost ten cents per page; while indigent inmates could obtain free copies, jail officials did not inform the inmates of this fact. The Fifth Circuit held that this system did not provide inmates with adequate access to court.

By contrast, the Bradshaw State Jail had a law library containing a large amount of research material, including reference books on state and federal habeas corpus as well as legal books designed for prisoners. The evidence showed that Strehl was aware of these research materials and was able to use them. In addition, programs were available whereby copies of books could be obtained by requesting them through the law librarian, a program which Strehl also utilized. Strehl has failed to show that the law library at the Bradshaw Unit was constitutionally defective or that he was denied adequate access to court.

Furthermore, although Strehl was denied a transfer when he wanted one, this does not show a violation of his constitutional rights. In the first place, as explained above, the law library at the Bradshaw Unit was not constitutionally inadequate, and so the failure to transfer him did not amount to a violation of his right of access to court. Furthermore, the Supreme Court has held that inmates have no right to be confined at any particular penal institution within the state, and so the failure to transfer him when he wanted a transfer did not violate his rights in this regard. Meachum v. Fano, 427 U.S. 215, 224 (1976); *see also* Maddox v. Thomas, 671 F.2d 949, 950 (5th Cir. 1982). The evidence also showed that neither Pool nor Walton had authority to order a transfer for Strehl; instead, such an order had to come from the State Classification Committee in Huntsville.

Nor has Strehl shown that he suffered actual harm by reason of the law library holdings at the Bradshaw Unit. He acknowledged that he was able to file a state habeas corpus petition while

5

confined there, and testified that if he had been given access to federal case books, he could have raised more grounds for relief in his federal petition. However, he could not have raised more grounds in his federal petition than he did in his state petition because of the requirement that state remedies be exhausted, set out in 28 U.S.C. §2254(b). Strehl also argued that he was unaware of the statute of limitations, but the evidence showed that he had access to legal research materials containing information on the federal habeas statute of limitations, and that he could have ordered federal case books through the law librarian. The information about the statute of limitations was thus available to him in the law library which the Bradshaw Unit had. Strehl has failed to show any harm from the alleged inadequacies of the Bradshaw Unit and so his claim must fail on this ground as well.

## Conclusions of Law

Based on the above factual findings, made by a preponderance of the credible evidence pursuant to Rule 52(a), F. R. Civ. P., the Court makes the following conclusions of law:

1. The Defendant Management & Training Corporation did not violate the constitutional rights of the Plaintiff Joseph Strehl by maintaining an inadequate law library at the Bradshaw Unit during the time that Strehl was confined there, or in any other way.

2. The Defendants Warden Bobby Pool and Law Librarian Jacquelyn Walton did not violate the constitutional rights of the Plaintiff Joseph Strehl by failing to transfer him, denying him access to legal materials, or in any other way.

## Judgment

Based on the above findings of fact and conclusions of law, made in accordance with Rule 52, F. R. Civ. P., it is hereby

ORDERED that judgment is entered in favor of the Defendants Management & Training Corporation, Bobby Pool, and Jacquelyn Walton, and against the Plaintiff Joseph Strehl. It is further

ORDERED that the Plaintiff shall take nothing on his lawsuit and that said lawsuit is DISMISSED with prejudice. Finally, it is

ORDERED that all other claims and motions which may be pending in this lawsuit are DENIED.

So **ORDERED** and **SIGNED** this **25** day of **January, 2006.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE